UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREG MLACNIK, | ) | |
| Petitioner, | ) | 3:08-cv-00164-LRH-VPC |
| vs. | ) | ORDER |
| BILL DONAT, *et al.*, | ) | |
| Respondents. | ) | |

Petitioner filed a first amended petition for writ of habeas corpus (docket #19) on August 5, 2009 and respondents have moved to dismiss the petition (docket #22).  The court issued it order regarding the importance of responding to a motion to dismiss and outlined the time-line for such a response (docket #26).  Petitioner has since failed to respond to the motion or to seek additional time to do so.

Under Local Rule 7-2(d), failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

**Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003).  Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct.  In this case petitioner as much as consented to dismissal of his petition by failing to oppose the respondents' motion, despite having been specifically warned of the consequences of such an action.  As a result, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

**IT IS THEREFORE ORDERED** that respondents' first motion to dismiss (docket #22) is **GRANTED**.  The Clerk shall **ENTER JUDGMENT ACCORDINGLY.**

DATED this 8th day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE